UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE BERNABE ACABAL ALVARADO (A-Number: 221-492-492),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY CORRECTION CENTER, *et al.*,<br><br>Respondents. | Case No. 1:26-cv-02669-KES-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 1)<br><br>**14-Day Objection Period** |

Petitioner Jose Bernabe Acabal Alvarado ("Petitioner"), a federal immigration detainee proceeding pro se, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 9, 2026, while in custody of the Immigration and Customs Enforcement ("ICE") at the California City Correctional Center, where he remains detained. (Doc. 1). Respondents are the unnamed Warden of the California City Correctional Center; David Venturella, the acting ICE Director; and Markwayne Mullin, the Secretary of the Department of Homeland Security ("DHS") (collectively, "Respondents").[1] *Id.* at 1.

For the reasons set forth herein, the undersigned recommends that Petitioner's petition for writ of habeas corpus be denied.

---

[1] Markwayne Mullin is automatically substituted for the former Secretary of DHS and David Venturella for the former ICE Director. Fed. R. Civ. P. 25(d).

## I. Relevant Background

The relevant facts are taken from the parties' respective filings. *See* (Docs. 1, 5, 13). Petitioner is a native and citizen of Guatemala who unlawfully entered the United States at an unknown place on an unknown date. (Doc. 1 at 9; Doc. 5 at 2, citing Ex. 1, 2). Petitioner alleges that he has no criminal history. (Doc. 1 at 2). Respondents do not contest this assertion and the Record of Deportable/Inadmissible Alien attached to the response states that there Petitioner has not criminal history. *See* (Doc. 5); *id.* at 13.

Petitioner was taken into ICE custody for the first time on January 21, 2026, in Palisades, New Jersey. That same day, Respondents placed Petitioner into removal proceedings and issued a Notice to Appear. (Doc. 5 at 2, citing Ex. 2). Respondents provide the declaration of DHS Deportation Officer Christian Rivera in which he represents that Petitioner was ordered removed by an immigration judge on May 29, 2026, and had until June 29, 2026, to appeal the removal order. Petitioner did not file an appeal of the order nor a request for an extension of the deadline. (Doc. 13 at 4-5, ¶¶ 5-8; citing *id.*, Exs. 1-3).

The undersigned takes judicial notice that the immigration judge ordered removal on May 29, 2026, and no appeal was received.[2]

## II. Governing Authority

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure

---

[2] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited July 13, 2026, using Petitioner's A-Number and nationality); *Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed [ ] therein."); *Argueta v. Walgreens Co*., 760 F. Supp. 3d 1028, 1034 (E.D. Cal. 2024) (taking judicial notice of information on federal government agency's website).

release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that custody is in violation of the U.S. Constitution or federal law. 28 U.S.C. § 2241(c)(3).

**III. <u>Discussion</u>**

Petitioner asserts a single cause of action for violation of his Fifth Amendment right to procedural due process. *See* (Doc. 1 at 4).

"Where an alien falls within [the Immigration and Nationality Act] statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008). A removal order becomes final upon the earlier of either "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(47)(B); *see* 8 C.F.R. § 1003.39. Once an order of removal is final, the "Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). "While removal proceedings are in progress, most aliens may be released on bond or paroled. After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody." *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001).

Here, Petitioner was ordered removed by an immigration judge on May 29, 2026, with a deadline to appeal the order no later than June 29, 2026. "Whether or not Petitioner appealed the order of removal is significant here. If the decision was not appealed, then Petitioner's removal order would have become administratively final, and Section 1231(a)'s mandatory detention scheme would apply … However, if Petitioner *did appeal* that decision, the order would not be final, rendering Section 1231(a) inapplicable." *Cedeno v. Warden of Golden State Annex*, No. 1:26-cv-03611 (EJD), 2026 WL 1475818, at *2 (E.D. Cal. May 26, 2026) (citing cases; emphasis in original).

There is no evidence in the record that an appeal was filed and the 30-day window to appeal

has expired. *See* (Doc. 13); 8 C.F.R. § 1003.38(b)(2); 8 C.F.R. § 1241.1(c). The Executive Office for Immigration Review's database reflects that no such appeal was received. Thus, Petitioner's order of removal is administratively final and Petitioner must be held in custody for the 90-day removal period. *See Zadvydas*, 533 U.S. at 683; *Martinez Reyes v. Warden of Mesa Verde Det. Facility*, No. 1:26-cv-1877-TLN-JDP, 2026 WL 1162728, at *2 (E.D. Cal. Apr. 29, 2026) ("Here, petitioner was ordered removed on March 20, 2026. The order became final on April 21, 2026, which is when petitioner's allotted time for an appeal expired. Consequently, petitioner is subject to mandatory detention during his removal period, which runs through July 20, 2026.") (citation omitted).

The removal period begins on the "date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B). As the order of removal became final on June 30, 2026, the mandatory detention period runs until September 28, 2026. "As many courts have held, once a removal order becomes final triggering the Government's detention authority under § 1231(a), claims of error arising from pre-removal-order detention become moot." *Quizhpe Macas v. Warden, California City Det. Ctr.*, No. 1:26-cv-03046-DJC-EFB (HC), 2026 WL 1506814, at *3 (E.D. Cal. May 29, 2026) (citing cases). Petitioner's "due process right to be free from unduly lengthy detention, however, only attaches once the 90-day period of mandatory detention expires; in other words, there is no cognizable liberty interest in being free from detention during that 90-day period." *Id.* (citing *Zadvydas*, 533 at 682-83).

Thus, as Petitioner is subject to a mandatory detention period of 90 days under § 1231(a) due to a final order of removal, the petition is rendered moot. This statutory 90-day detention period does not by itself violate Petitioner's right to due process. *Id.* at *4 ("Here, petitioner's removal order became final on March 2, 2026, and thus he is subject to mandatory detention by statute until May 31, 2026. Until that date, he does not have a cognizable liberty interest in his relief and, as a matter of law, the period of detention he has experienced after his removal order has become final is not unreasonable nor demonstrates that his removal is not reasonably foreseeable so as to violate his rights to due process.") (citing, *inter alia*, *Zadvydas*, 533 U.S. at 678).

Additionally, Petitioner may be subject to discretionary detention after expiration of the 90-

day removal period. The Supreme Court has held that such detention may be "presumptively reasonable" for a total six-month period. *See Zadvydas*, 533 U.S. at 701 ("We do have reason to believe, however, that Congress previously doubted the constitutionality of detention for more than six months … After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient.").

## IV. <u>Conclusion and Recommendation</u>

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be DENIED.
2. The Clerk of the Court be DIRECTED to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within 14 days** after being served with these findings and recommendations, the parties may file written objections with the Court. Any objections filed should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these findings and recommendations under 28 U.S.C. § 636(b)(l)(C).

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 13, 2026**

UNITED STATES MAGISTRATE JUDGE